# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**February 8, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**ALEX ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 11-0832**  (BOR Appeal No. 2045280)
(Claim No. 2010107498)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**DELMAS ROBERTS,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Alex Energy, Inc., by Sean Harter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated April 22, 2011, in which the Board affirmed a November 10, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 11, 2010, decision denying compensability of a claim for occupational hearing loss. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Roberts worked as a heavy equipment operator for Alex Energy, Inc. He had previously been employed by various other employers in similar positions. On August 20, 2009, Mr. Roberts filed an application for workers' compensation benefits for occupational hearing loss. The record demonstrates that Mr. Roberts did suffer from noise induced hearing loss prior to his employment with Alex Energy, Inc. The claims administrator on March 11, 2010, denied the application for workers' compensation benefits.

The Office of Judges reversed the claims administrator's Order, and held that the evidence demonstrates that the claim is compensable for occupational hearing loss. Alex Energy disputes this finding and asserts it was a mischaracterization of the evidence to find the claim compensable. It notes that Mr. Roberts had substantial hearing loss prior to his employment, that he was provided with hearing protection during his employment, and that his hearing loss has progressed after his employment, suggesting other contributing factors.

In reversing the claims administrator's Order, the Office of Judges noted that the evidence establishes that Mr. Roberts has hearing loss which is at least in part due to occupational noise exposure. It further noted that all three physicians on record agree that Mr. Roberts has noise induced hearing loss, despite Dr. Wallace's finding that Mr. Roberts does not have whole person impairment that should be ascribed to Alex Energy. The Office of Judges also noted that the evidence demonstrates that the hearing loss had worsened in audiograms after his employment with Alex Energy. The Office of Judges concluded that Mr. Roberts had demonstrated that the claim should be compensable for occupational hearing loss with a date of last exposure of August 20, 2009. The Board of Review reached the same reasoned conclusions in its decision of April 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 8, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Chief Justice Brent D. Benjamin, Disqualified